**UNITED STATES OF AMERICA**
**MERIT SYSTEMS PROTECTION BOARD**

LILLIAN D. GADDY,
                Appellant,

      v.

DEPARTMENT OF LABOR,
                Agency.

DOCKET NUMBERS
AT-0432-12-0550-I-1
AT-0752-14-0313-R-1

DATE: October 8, 2014

# THIS FINAL ORDER IS NONPRECEDENTIAL[1]

Donald Marshall, Jacksonville, Florida, and Chungsoo J. Lee, Feasterville
    Trevose, Pennsylvania, for the appellant.

Carmen L. Alexander and Amy Walker, Atlanta, Georgia, for the agency.

**BEFORE**

Susan Tsui Grundmann, Chairman
Anne M. Wagner, Vice Chairman
Mark A. Robbins, Member

**FINAL ORDER**

¶1      The appellant has filed a petition for review of the September 21, 2012
initial decision, which dismissed her removal appeal as settled pursuant to a last
chance settlement agreement (LCA). *See* MSPB Docket No. AT-0432-12-0550-I-
1 (0550-I-1). For the reasons set forth below, the appellant's petition for review

---

[1] A nonprecedential order is one that the Board has determined does not add
significantly to the body of MSPB case law. Parties may cite nonprecedential orders,
but such orders have no precedential value; the Board and administrative judges are not
required to follow or distinguish them in any future decisions. In contrast, a
precedential decision issued as an Opinion and Order has been identified by the Board
as significantly contributing to the Board's case law. *See* 5 C.F.R. § 1201.117(c).

is DISMISSED as untimely filed without good cause shown. 5 C.F.R. § 1201.114(e), (g).

¶2      In a September 15, 2014 nonprecedential final order, the Board affirmed the April 10, 2014 initial decision, which dismissed the appellant's appeal of the agency's removal action, taken pursuant to the LCA, for lack of jurisdiction. *See* MSPB Docket No. AT-0752-14-0313-I-1 (0313-I-1). For the reasons set forth below, we REOPEN the appellant's removal appeal under 5 C.F.R. § 1201.118, JOIN these appeals under 5 C.F.R. § 1201.36(b), and, to the extent expressly set forth below, MODIFY the September 15, 2014 final order.[2]

## DISCUSSION OF ARGUMENTS ON REVIEW

MSPB Docket No. AT-0432-12-0550-I-1

¶3      The agency removed the appellant from her position as a GS-11 Claims Examiner effective May 5, 2012, for unacceptable performance. 0550-I-1, Initial Appeal File (IAF), Tab 5 at 20-21. The appellant appealed her removal to the Board, which the parties resolved through a LCA. *Id*., Tabs 1, 10. Pursuant to the LCA, the appellant agreed that if she failed to achieve a performance rating of at least "minimally successful" by the end of fiscal year (FY) 2013, her removal would be reinstated immediately and she would not be entitled to an advanced notice period or the opportunity to respond. *Id*., Tab 10 at 6-7. The LCA further provided that the appellant waived her right to appeal the reinstated removal to the Board. *Id*. at 7. The administrative judge found that the LCA was lawful on its face and that the appellant represented that she understood the agreement and entered into it voluntarily. 0550-I-1, Tab 11, Initial Decision (ID) at 1-2. The administrative judge entered the LCA into the record for purposes of enforcement by the Board in a September 21, 2012 initial decision dismissing the case as settled. 0550-I-1, ID at 1-2.

---

[2] The reopened appeal has been assigned MSPB Docket No. AT-0752-14-0313-R-1.

¶4    The agency later reinstated the removal action effective November 21, 2013, based on the appellant's failure to meet the minimum level of acceptable performance for FY 2013 as stipulated in the LCA. 0550-I-1, Petition for Review (PFR) File, Tab 4 at 4-5. The appellant filed a new appeal of her reinstated removal on December 11, 2013, which was docketed as MSPB Docket No. AT-0752-14-0313-I-1. 0313-I-1, IAF, Tab 1.

¶5    On August 7, 2014, the appellant filed a petition for review of the September 21, 2012 initial decision dismissing the case as settled in MSPB Docket No. AT-0432-12-0550-I-1. 0550-I-1, PFR File, Tab 1. On review, the appellant challenges the validity of the LCA, arguing that it was unlawful, the result of fraud and misrepresentation, and a violation of her civil rights. *Id.* at 6.

¶6    The Clerk of the Board issued an acknowledgment order advising the appellant that her petition was untimely filed because it was not received on or before October 26, 2012, the 35th day following the issuance of the initial decision. 0550-I-1, PFR File, Tab 3 at 1. The order further advised that the Board's regulations require a filing that appears to be untimely to be accompanied by a motion to either accept the filing as timely, and/or to waive the time limit for good cause. *Id.* The appellant responded that good cause exists to excuse her untimely petition for review because: (1) the individual who signed the LCA as the regional director was not the regional director when he signed it; and (2) she believed that the LCA precluded her from filing a new complaint until November 21, 2013, when she read articles about a federal court case finding unlawful retaliation where a company terminated an employee after he revoked his consent to an LCA containing a waiver of his right to file future discrimination complaints. 0550-I-1, PFR File, Tab 5 at 4-8; *see id.*, Tab 1 at 6-7.

¶7    The Board's regulations provide that a petition for review must be filed within 35 days after the date of issuance of the initial decision or, if the party shows she received the initial decision more than 5 days after it was issued,

within 30 days of receipt. 5 C.F.R. § 1201.114(e). Here, because the appellant has not alleged that she received the initial decision more than 5 days after it was issued, the last day on which the appellant could timely file her petition for review was October 26, 2012. 0550-I-1, ID at 2; *see* 0550-I-1, PFR File, Tabs 1, 5. Assuming the earliest possible filing date—December 11, 2013[3]—the filing was untimely by over 13 months, which is significant. *See, e.g.*, *Bennett v. Department of Veterans Affairs*, 97 M.S.P.R. 1, ¶ 7 (2004) (finding a more than 3–month delay significant); *Summers v. U.S. Postal Service*, 87 M.S.P.R. 403, ¶¶ 6, 12 (2000) (finding delays of nearly 1 month and of 15 days significant), *aff'd*, 25 F. App'x 827 (Fed. Cir. 2001).

¶8        The Board will waive the filing deadline for a petition for review only upon a showing of good cause for the delay. *Via v. Office of Personnel Management*, 114 M.S.P.R. 632, ¶ 5 (2010). To establish good cause for an untimely filing, a party must show that she exercised due diligence or ordinary prudence under the particular circumstances of the case. *Alonzo v. Department of the Air Force*, 4 M.S.P.R. 180, 184 (1980). Factors that are considered in the determination of good cause include the length of the delay, the reasonableness of the excuse and showing of due diligence, whether the appellant is proceeding pro se, and whether she has presented evidence of the existence of circumstances beyond her control that affected her ability to comply with the time limits or of unavoidable casualty or misfortune that similarly shows a causal relationship to her inability to file a timely petition for review. *Moorman v. Department of Army*, 68 M.S.P.R. 60, 62-63 (1995), *aff'd*, 79 F.3d 1167 (Fed. Cir. 1996) (Table).

¶9        First, the appellant's contention that the individual who signed the LCA as the regional director was not the regional director on that date does not establish

---

[3] For the reasons discussed below, we will presume that the appellant filed the petition for review of the initial decision dismissing the case as settled on the same date she filed the appeal of her reinstated removal.

good cause for her untimely filing. *See* 0550-I-1, PFR File, Tab 5 at 4-5, 7, 10-13. Even if true, the appellant has not shown how this allegation relates to her ability to timely file.

¶10    Second, the appellant's contention that she thought she would be in breach of the LCA if she filed a new complaint until she read the news articles about the federal court case likewise fails to establish good cause for her delay in challenging the validity of the LCA.[4] *See* 0550-I-1, PFR File, Tab 5 at 5-6. It is well established that an appellant's inexperience with legal matters and unfamiliarity with Board procedures do not warrant waiver of the Board's deadlines. *See Brady v. Department of Labor*, 57 M.S.P.R. 341, 344 (1993). It is further well settled that an appellant's claimed misunderstanding of, and dissatisfaction with, the terms of a settlement agreement do not constitute good cause for her filing delay. *Griffin v. Office of Personnel Management*, 104 M.S.P.R. 540, ¶ 9 (2007), *aff'd*, 263 F. App'x 867 (Fed. Cir. 2008).

¶11    Although the appellant is now unhappy with the agreement and claims that the agreement was involuntary, tainted by fraud, and unlawful insofar as it allegedly violates her civil rights, she has not shown how the circumstances surrounding the settlement agreement interfered with her ability to file a timely petition for review. The appellant has not shown good cause for her significant

---

[4] Although irrelevant to the disposition of the petition for review, we wish to clarify that the LCA at issue in the articles referenced by the appellant is distinguishable from the LCA in the instant case. In that case, the LCA contained a waiver of all civil rights claims—past and future—against the employer company. *Equal Employment Opportunity Commission v. Cognis Corp.*, No. 10-CV-2182, 2011 WL 6149819, at *1-2 (C.D. Ill. Dec. 12, 2011). Such prospective waiver of an employee's rights under Title VII is void as against public policy. *Id.* at *9-10; *see Alexander v. Gardner-Denver Co.*, 415 U.S. 36, 51 (1974) ("[W]e think it clear that there can be no prospective waiver of an employee's rights under Title VII."). On the other hand, a knowing and voluntary waiver of Board appeal rights in an LCA is not void as a matter of public policy. *McCall v. U.S. Postal Service*, 839 F.2d 664, 666-67 (Fed. Cir. 1988), *distinguished by Alexander v. U.S. Postal Service*, 264 F.3d 1067, 1070 (Fed. Cir. 2001).

delay in filing a petition for review of the initial decision dismissing her appeal as settled. Accordingly, the petition for review is dismissed as untimely filed.

MSPB Docket No. AT-0752-14-0313-R-1

¶12    On December 11, 2013, the appellant filed an appeal of the agency action removing her for breaching the LCA, which the administrative judge dismissed on April 10, 2014, for lack of jurisdiction based on the appeal rights waiver contained in the LCA. 0313-I-1, IAF, Tab 1, Tab 9, ID. The appellant timely filed a petition for review of the April 14, 2014 initial decision. 0313-I-1, PFR File, Tab 1. Because that petition for review appeared to challenge the validity of the LCA, the Clerk of the Board issued a show cause order instructing the appellant to clarify the basis of her petition for review. *Id.*, Tab 4. The show cause order advised that an attack on the validity of a settlement agreement must be made in the form of a petition for review of the initial decision dismissing the case as settled. *Id.* As such, the order explained that, to the extent the appellant was seeking to challenge the validity of the LCA, the Clerk of the Board would docket her filing as a petition for review of the September 21, 2012 initial decision dismissing the case as settled and allow her an opportunity to show good cause for the untimely filing. *Id.* at 2. The order further provided that if the appellant failed to respond within 15 days, i.e., by August 14, 2014, the Board would conclusively determine that she had decided not to contest the validity of the settlement agreement and, instead, would interpret the petition for review as a request to review the April 14, 2014 initial decision finding a lack of jurisdiction over the removal taken pursuant to the LCA. *Id.* at 2–3.

¶13    On September 15, 2014, the Board issued a final order affirming the April 10, 2014 initial decision. 0313-I-1, Final Order (Sept. 15, 2014). The final order indicated that no response to the show cause order had been received, and that the LCA would be presumed valid and enforceable. Final Order, ¶ 9. Upon further review, however, it appears that the appellant intended the August 7, 2014

petition for review filed in MSPB Docket No. AT-0432-12-0550-I-1 to constitute a response to the show cause order issued in MSPB Docket No. AT-0752-14-0313-I-1.  As such, we modify ¶ 9 of the final order to reflect that the Board received a timely response to the show cause order, which has been docketed as a petition for review of the initial decision dismissing the case as settled in MSPB Docket No. AT-0432-12-0550-I-1.  As the response did not cast doubt upon the correctness of any other aspect of the September 15, 2014 final order, no further modification is warranted.

## CONCLUSION

¶14    For the reasons set forth above, we dismiss the petition for review in MSPB Docket No. AT-0432-12-0550-I-1 as untimely filed.  This is the final decision of the Merit Systems Protection Board regarding the timeliness of the petition for review in this matter.  The September 21, 2012 initial decision remains the final decision of the Board regarding the lawfulness and voluntariness of the LCA.

¶15    Further, as set forth above, we MODIFY the September 15, 2014 final order in MSPB Docket No. AT-0752-14-0313-I-1 to the extent it incorrectly stated that the Board did not receive any response to the show cause order.  Except as expressly provided herein, the September 15, 2014 final order remains unchanged, and the April 10, 2014 initial decision remains the final decision of the Board.

## NOTICE TO THE APPELLANT REGARDING
## YOUR FURTHER REVIEW RIGHTS

You have the right to request review of this final decision by the United States Court of Appeals for the Federal Circuit.  You must submit your request to the court at the following address:

United States Court of Appeals
for the Federal Circuit
717 Madison Place, N.W.
Washington, DC 20439

The court must receive your request for review no later than 60 calendar days after the date of this order.  *See* 5 U.S.C. § 7703(b)(1)(A) (as rev. eff. Dec. 27, 2012).  If you choose to file, be very careful to file on time.  The court has held that normally it does not have the authority to waive this statutory deadline and that filings that do not comply with the deadline must be dismissed.  *See Pinat v. Office of Personnel Management*, 931 F.2d 1544 (Fed. Cir. 1991).

If you need further information about your right to appeal this decision to court, you should refer to the federal law that gives you this right.  It is found in Title 5 of the United States Code, section 7703 (5 U.S.C. § 7703) (as rev. eff. Dec. 27, 2012).  You may read this law as well as other sections of the United States Code, at our website, http://www.mspb.gov/appeals/uscode.htm.  Additional information is available at the court's website, www.cafc.uscourts.gov.  Of particular relevance is the court's "Guide for Pro Se Petitioners and Appellants," which is contained within the court's Rules of Practice, and Forms 5, 6, and 11.

If you are interested in securing pro bono representation for your court appeal, you may visit our website at http://www.mspb.gov/probono for a list of attorneys who have expressed interest in providing pro bono representation for Merit Systems Protection Board appellants before the court.  The Merit Systems Protection Board neither endorses the services provided by any attorney nor warrants that any attorney will accept representation in a given case.


FOR THE BOARD:                     _____
                                   William D. Spencer
                                   Clerk of the Board

Washington, D.C.